**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RONALD STEWART,<br><br>Plaintiff,<br><br>v.<br><br>TRANSUNION LLC, *et al.*,<br><br>Defendants. | No. 26cv3138 (EP) (AME)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

*Pro se* Plaintiff Ronald Stewart brings this action against Defendants TransUnion LLC, Experian Information Solutions, Inc., and Equifax Information Services LLC, alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* D.E. 1 ("Complaint"). Plaintiff alleges that Defendants failed to reasonably reinvestigate disputed credit report information and provide the requested method of verification. *Id.* ¶¶ 8–29. Plaintiff also seeks to proceed in forma pauperis ("IFP"). D.E. 1-4 ("IFP Application"). Because Plaintiff has not established that he is unable to pay the filing fee, the Court will **DENY** his IFP Application without prejudice.

## I. ANALYSIS

Under 28 U.S.C. § 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). To establish such need, a litigant must submit a good-faith financial affidavit. *See Owens v. Jeneby*, No. 24-11222, 2025 WL 1393205, at *1 (D.N.J. May 14, 2025). Whether to grant IFP status lies within the Court's discretion. *Id.* (citing *Cotto v. Tennis*, 369 F. App'x 321, 322 (3d Cir. 2010)). Courts should grant an IFP application

only if convinced that the applicant cannot pay the costs and filing fees. *Douris v. Newtown Borough, Inc.*, 207 F. App'x 242, 243 (3d Cir. 2006).

Here, Plaintiff reports take home wages of $9,615 biweekly, equivalent to approximately $20,833 per month, and $2,100 in cash or bank accounts. IFP App. at 1–2. His listed monthly expenses total $11,060, including $5,200 in rent, $1,200 for food and household expenses, and $1,900 in credit-card or loan payments. *Id.* at 2. Plaintiff also identifies $4,000 in dependent support without specifying its frequency or whether that amount overlaps with the listed expenses. *Id.* Even assuming the full $4,000 represents an additional monthly expense, his take-home pay would exceed his reported expenses by approximately $5,773 per month. Plaintiff also reports $62,000 in outstanding debts. *Id.*

The Court recognizes Plaintiff's substantial financial obligations. Nevertheless, in light of his reported income and available funds, Plaintiff has not shown that payment of the $405 filing fee would impose an undue hardship or deprive him of life's necessities. *See Stefanowicz v. Suntrust Mortg., Inc.*, No. 08-2103, 2008 WL 5047794, at *1 (M.D. Pa. Nov. 24, 2008). Moreover, the Application lists gross wages of $250,000 without clearly explaining the applicable pay period and does not specify the frequency of dependent-support payments. IFP App. at 1–2. Accordingly, the Court will **DENY** the IFP Application ***without prejudice*** and permit Plaintiff **30 days** to pay the filing fee or submit an amended application clarifying his financial circumstances. *See Rohn v. Johnston*, 415 F. App'x 353, 355 (3d Cir. 2011).[1]

[1] Because the Court has not granted Plaintiff IFP status, it will defer screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS**, on this **29th** day of October, 2026,

**ORDERED** that the Clerk of Court shall mark the Complaint, D.E. 1, as received, but summons shall not issue; and it is further

**ORDERED** that Plaintiff's IFP Application, D.E. 1-4, is **DENIED *without prejudice***; and it is further

**ORDERED** that within **30 days** of the entry of this Order, Plaintiff shall either pay the $405 filing fee or submit an amended IFP application providing complete and accurate information concerning his income, assets, debts, monthly expenses, and dependent support; and it is further

**ORDERED** that the Clerk of Court shall **ADMINISTRATIVELY TERMINATE** this action, subject to reopening upon Plaintiff's timely payment of the filing fee or submission of an amended IFP application for further consideration. Failure to comply may result in dismissal of the Complaint without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b); and it is finally

**ORDERED** that the Clerk of Court shall send via regular mail a copy of this Order to Plaintiff.

Evelyn Padin, U.S.D.J.